James Hawkins, SBN 192925
james@jameshawkinsaplc.com
Christina M. Lucio, SBN 253677
christina@jameshawkinsaplc.com
Mitchell J. Murray, SBN 285691
mitchell@jameshawkinsaplc.com
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel: 949-387-7200

*Attorneys for Plaintiffs and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND WILLIAMS and ALAN MICHAEL LARRECOU, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK CAMPUS, LLC., a Delaware limited liability company; YOSEMITE HOSPITALITY, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 1:23-cv-00291-ADA-EPG<br><br>**SECOND AMENDED FLSA COLLECTIVE ACTION/ CLASS ACTION COMPLAINT FOR:**<br><br>**1. FAILURE TO PAY MINIMUM WAGES [29 U.S.C. § 201,** *et seq*.**]**<br><br>**2. FAILURE TO PAY OVERTIME WAGES [29 U.S.C. § 201,** *et seq*.**]**<br><br>Complaint Filed: December 23, 2022<br>Notice of Removal: February 24, 2023<br><br>**DEMAND FOR JURY** |

1
COLLECTIVE & CLASS COMPLAINT

Plaintiffs Armand Williams and Alan Michael Larrecou (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, hereby bring this Collective/Class Action Complaint against Defendants Aramark Campus, LLC and Yosemite Hospitality, LLC, and DOES 1-50, inclusive, (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and Code of Federal Regulations ("CFR"), as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3).

2. Defendants implemented uniform policies and practices that deprived Plaintiffs and Class Members of earned wages, including minimum wages, straight time wages, and overtime wages.

3. The individuals Plaintiffs seek to represent in this action are all persons who are or were employed by Defendants (jointly or separately), either directly or indirectly, as non-exempt employees in the State of California at any time from four years prior to the filing of this Complaint through resolution or trial of the matter.

4. Plaintiffs seek a declaration that their rights, and the rights of the putative Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

5. On February 24, 2023, Defendants filed a Notice of Removal of this action from the Mariposa County Superior Court to the United States District Court, Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

6. Defendants contend venue is proper in this District Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because this District embraces the county in which

1  the removed action was pending.

## PARTIES

7. Defendant Aramark Campus, LLC, is a Delaware limited liability company, doing business in the state of California. It is based at 2400 Market St, Philadelphia, PA 19103.

8. Upon information and belief, Aramark Campus, LLC employs Class Members, like Plaintiffs, throughout the State of California.

9. Defendant Yosemite Hospitality, LLC, is a Delaware limited liability company doing business in the state of California. It is based at 2400 Market St, Philadelphia, PA 19103.

10. Upon information and belief, Yosemite Hospitality, LLC, employs Class Members, like Plaintiffs, throughout the State of California.

11. Plaintiff Armand Williams is and during the liability period has been, a resident of California.

12. Plaintiff Alan Michael Larrecou is and during the liability period has been, a resident of California.

13. Plaintiffs have been employed in an hourly, non-exempt position by Defendants during the relevant time period.

14. Plaintiffs and the members of the putative class have been employed as hourly paid employees by employed by Defendants, either directly or indirectly, in the State of California at any time from four years prior to the filing of this Complaint.

15. Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, Class Members, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

16. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently

unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Federal Rule of Civil Procedure 15. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

17. Plaintiffs are informed and believe, and thereon allege, that the Doe Defendants are the partners, Class Members, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

18. Plaintiffs are further informed and believe, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or Class Members of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## GENERAL ALLEGATIONS

19. During the relevant time frame, Defendants compensated Plaintiffs and the Class Members based upon an hourly wage.

20. Plaintiffs and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the FLSA.

21. During the relevant time, Plaintiffs have been employed by Defendants in an hourly, non-exempt position. Plaintiff Williams has worked as a Cashier in Defendants'

facilities approximately 5 days per week, 40+ hours per week. Plaintiff Larrecou has worked as a Storeroom Employee in Defendants' facilities approximately 5 days per week, 40+ hours per week.

22. Plaintiffs are informed and believe, and thereon allege, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of wage and employment laws.

23. All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

24. Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts. However, Plaintiff and the Class Members were not paid for all hours worked because employees were often required to work off the clock. By way of example only, they were required to perform work-related functions and engage in work-related communications on their personal cellular phones while off the clock and to perform work during unpaid meal and rest breaks.

25. Upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including differentials, bonuses, and incentives.

26. Plaintiff Williams and the Class Members were also required to use their personal cellular phones for work related purposes throughout the working day and off the clock.

27. Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Class Members, including Plaintiffs, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked as required for Class Members by 29 U.S.C. section 211(c).

**Overtime Violations**

28. Throughout their employment with Defendants Plaintiffs were required to work overtime.

29. At all relevant times, Class Members, including Plaintiffs, often worked or were required to remain on call in excess of forty (40) hours per week. However, Defendants failed to pay Class Members overtime premiums, as required by the FLSA.

30. Because Plaintiffs, and upon information and belief Class Members, often worked 40 hours or more in a workweek, Defendant's policies and practices deprived them of overtime pay.

31. Defendants knew or should have known that Plaintiffs and Class Members were entitled to overtime premiums under the FLSA.

32. As a non-exempt employee, Class Members were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

33. Under FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

34. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendants to establish that any payment should be excluded. Thus, determining the regular rate starts from the premise that all payments made to Plaintiffs for work performed are included in the base calculation unless specifically excluded by statute.

35. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly

wages. Thus, if necessary, an employer must convert an employee's wages to rate per hour to determine compliance with the statute.

36. Here, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including shift differentials, bonuses, and incentives. For example, as a result of Defendant's failure to properly include shift differential pay in the regular rate, Plaintiff Larrecou received less than 1.5 times the regular rate for overtime worked during the pay periods on December 15, 2021, December 29, 2021, January 5, 2022, January 26, 2022, and February 2, 2022.

37. Because Defendant's compensation scheme failed to incorporate the regular rate of pay, Defendant failed to properly compensate Plaintiffs and other Class Members under the FLSA.

38. Plaintiffs and other Class Members are not exempt from overtime under the retail or service establishment exemption to the FLSA's overtime provisions because Defendants failed to pay Class Members a "regular rate of pay … in excess of one and one-half times the minimum hourly rate." 29 U.S.C. § 207(i).

39. Defendant maintained a uniform wage practice of paying the Class Members without regard to the true number of all hours worked, including overtime hours they worked. As set forth herein, Defendant's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for all hours worked at the minimum wage required, including the overtime hours worked by the Plaintiffs and Class Members.

40. In addition, to the extent Plaintiffs and other Class Members were required to work off the clock without compensation which would have resulted in them working in excess of 40 hours per week, Defendants are similarly liable for failure to pay overtime.

### Minimum Wage Violations

41. At all relevant times, Defendant directly benefited from Class Member's uncompensated work.

42. At all relevant times, Defendants controlled the work schedules, duties,

protocols, applications, assignments and employment conditions of their employees.

43. At all relevant times, Defendants were able to track the amount of time their employees spent working; however, Defendants failed to document, track, or pay their employees for all overtime hours worked and at the minimum wage rate, as required by federal labor laws.

44. Defendants knew or should have known that Plaintiffs and other Class Members were working off the clock in that they were required to respond to communications regarding work during non-working hours and that they were required to perform work during unpaid meal and rest breaks.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> All persons who are or were employed by the Defendants (jointly or independently) as hourly paid, non-exempt workers in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter.

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition if necessary.

46. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated Class Members.

47. Excluded from the proposed FLSA Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside sales persons.

48. Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

49. Plaintiffs and the members of the FLSA Collective were not paid the FLSA mandated minimum wage for all hours worked.

50. All of the work that Plaintiffs and the FLSA Collective members performed was assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiffs and the FLSA Collective members performed.

51. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, the federally mandated minimum wage for all hours worked;

   b. Willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

   c. Willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, worked for Defendants' benefit.

52. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek and a minimum wage for all hours worked.

53. Defendants failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

54. Defendants' unlawful conduct was widespread, repeated, and consistent.

55. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

56. The employment relationships between Defendants and every proposed FLSA

Collective member are the same and differ only by name, location, and rate of pay. The key issue – whether Defendants' compensation practices and policies violate the FLSA – do not vary substantially among the proposed FLSA Collective members.

57. There are many similarly situated current and former Class Members who were underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

58. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

59. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

60. According to Defendants' Notice of Removal, the proposed FLSA Collective, including both current and former employees over the relevant period will approximately 10,000 employees. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 CALIFORNIA CLASS ALLEGATIONS

61. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(3) on their own behalf and on behalf of all similarly situated current and former employees of Defendant who are or were employed at any time in the last four years. Plaintiffs propose the following class definition:

> All persons who are or were employed by the Defendants (jointly or independently) as hourly paid, non-exempt workers in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter (collectively referred to as the "California Class")

62. Plaintiffs also seek to represent the subclasses composed of and defined as follows:

> All Class Members who were not paid at least minimum wage for all hours worked (collectively "Minimum Wage Subclass");

All Class Members who were not accurately paid overtime for hours worked over forty hours in a workweek (collectively "Overtime Subclass");

63. Plaintiffs reserve the right to amend the putative class and subclass definitions if necessary.

64. Plaintiffs share the same interests as the putative class and will be entitled under the FLSA to unpaid overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

65. The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendants employed thousands of Class Members throughout the State of California. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel, scheduling and payroll records (if Defendants maintained such records in compliance with the law), and from input received from the putative Class members.

66. The putative Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiffs and the Class. Individual questions that Plaintiffs' claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

   a. Whether Defendants engaged in a policy or practice of failing to pay each Class member regular wages for each non-overtime hour worked;
   b. Whether Defendants engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked; and
   c. Whether Defendants engaged in a policy or practice of failing to pay

each Class member the applicable minimum wage rate for all hours worked;

67. The status of all individuals similarly situated to Plaintiffs raises an identical legal question: whether Defendant's Class Members are entitled to back wages, including overtime.

68. The putative California Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the putative California Class members were all employed by Defendants and performed their job duties without receiving wages, including overtime wages and minimum wages, owed for that work.

69. The California Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class members, and because Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class members.

70. The putative California Class meets the predominance requirement of Rule 23(b)(3), because issues common to the California Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

71. The California Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

72. Given the material similarity of the California Class members' claims, even if each California Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient

supervision of the putative California Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

## FIRST CAUSE OF ACTION
## VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq*.
## FAILURE TO PAY MINIMUM WAGES

73. Plaintiffs re-allege and incorporate all previous paragraphs herein.

74. At all relevant times herein, Plaintiffs and the FLSA Collective were entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

75. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

76. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

77. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees must be compensated at a rate of at least $7.25 per hour. This has been the case since July 24, 2009.

78. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiffs and the other members of the FLSA Collective.

79. As alleged herein, Plaintiffs and the FLSA Collective were employees of Defendants and entitled to the FLSA minimum wage.

80. Defendants failed to pay Plaintiffs and the FLSA Collective the federally mandated minimum wage rate by failing to pay Plaintiffs for all hour worked including time spent communicating with Plaintiffs' supervisors by phone and text messages while off the clock and performing work during unpaid meal and rest periods.

81. Defendants' violations of the FLSA were knowing and willful. Defendant

knew or could have tracked the hours worked by Class Members and paid them minimum wages as required by the FLSA, but it did not.

82. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME WAGES

83. Plaintiffs re-allege and incorporate all previous paragraphs herein.

84. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

85. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

86. Plaintiffs and the FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

87. Defendant does not qualify as a "retail or service establishment" as defined by 29 U.S.C. § 207 (i) of the FLSA.

88. Plaintiffs regular rate of pay was not in excess of one and one-half times the minimum hourly rate required by 29 U.S.C. § 206 of the FLSA

89. Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

90. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

91. At all times relevant to this action, Defendants failed to pay Plaintiffs and the FLSA Collective federally mandated overtime compensation for work performed in excess of forty (40) hours in a workweek including but not limited to failing to include all forms

of compensation in the regular rate including shift differential pay.

92. In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours or more, all overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

93. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have tracked the hours worked by Class Members and paid them overtime wages as required by the FLSA, but it did not.

94. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the putative Collective and Class members, request judgment as follows:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Designating the named Plaintiffs as Representative of the proposed FLSA collective;

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d. Certifying the proposed Rule 23 Class;

e. Designating Plaintiffs as representatives of the proposed Rule 23 Class;

f. Appointing James Hawkins, APLC as Class Counsel;

g. Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h. Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all off-the-clock hours that Plaintiffs worked in excess forty (40) hours per week for the past four years;

i. Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid minimum wages based on the federal minimum wage owed for the past four years;

j. Awarding liquidated damages in an amount equal to the amount of unpaid overtime and minimum wages found due and owing;

k. For pre-judgment interest as allowed by law;

l. For reasonable attorneys' fees, expenses, and costs as provided by the FLSA and CFR;

m. For such other and further relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully Submitted,

Dated: March 31, 2023          JAMES HAWKINS APLC

/s/ Mitchell J. Murray
James R. Hawkins
Christina M. Lucio
Mitchell J. Murray

*Attorneys for Plaintiffs and Proposed Class and Collective Members*

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act
29 U.S.C. § 216(b)
*Williams, et al. v. Aramark Campus, LLC, et al.*
Eastern District of California Case No. 1:23-cv-00291-ADA-EPG

1. I am over the age of eighteen and competent to give my consent in this matter.

2. I consent and agree to pursue my claims for unpaid minimum wage and overtime amounts that I allege are due to me for work performed during employment with Defendants for which I allege Defendants are liable.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover alleged unpaid minimum wages, overtime, and other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

4. I choose to be represented by class counsel James Hawkins APLC for all purposes in this action and to take any steps necessary to pursue my claims, including filing new lawsuits.

Dated: Mar 31, 2023

_____
Signature

Alan Larrecou
_____
Alan Michael Larrecou

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act
29 U.S.C. § 216(b)
*Williams, et al. v. Aramark Campus, LLC, et al.*
Eastern District of California Case No. 1:23-cv-00291-ADA-EPG

1. I am over the age of eighteen and competent to give my consent in this matter.

2. I consent and agree to pursue my claims for unpaid minimum wage and overtime amounts that I allege are due to me for work performed during employment with Defendants for which I allege Defendants are liable.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover alleged unpaid minimum wages, overtime, and other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

4. I choose to be represented by class counsel James Hawkins APLC for all purposes in this action and to take any steps necessary to pursue my claims, including filing new lawsuits.

Dated: Mar 31, 2023

_____
Signature
AW
_____
Armand Williams