UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND WILLIAMS and ALAN MICHAEL LARRECOU, *individually and on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK CAMPUS, LLC, et al.,<br><br>Defendants. | Case No. 1:23-cv-00291-ADA-EPG<br><br>ORDER REGARDING JOINT STATUS REPORT<br><br>(ECF No. 20) |

     As amended, the complaint characterizes this case as "a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and Code of Federal Regulations ("CFR"), as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3)." (ECF No. 12, p. 2). This case is set for a mid-discovery status conference on November 13, 2023, at 11 a.m. and is now before the Court on the parties' joint status report filed in advance of the conference. (ECF Nos. 19, 20).

     The parties state "that they have reached a settlement in principle of the action and request a stay of the action for 30 days to finalize the agreement," but if they cannot finalize their agreement, they will conduct additional discovery. (ECF No. 20, p. 2).

     While the Court will not enter a formal stay in this action, it will vacate the mid-discovery conference set for November 13, 2023, at 11 a.m., and require the parties to file a document to facilitate the disposition of this case.

The terms of the parties' settlement are not specified, and the Court will not require a particular dispositional document to be filed. However, the Court notes that this case involves class and collective claims, and thus, as explained below, court approval may be required of any settlement.

Generally, a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is effective without a court order. *See Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."). However, some courts have recognized an exception in the putative class action context:

> An action may be dismissed pursuant to Rule 41 by filing a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, Rule 23(e) governs the dismissal of class actions, even before class certification has occurred. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding "that Rule 23(e) applies before certification").
>
> Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:
>
>> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.
>
> *Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

*Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18-CV-01399-DAD-BAM, 2020 WL 1046838, at *1-2 & n.1 (E.D. Cal. Mar. 4, 2020) (internal quotation marks and citation omitted) (noting that despite Rule 23(e) being amended in 2003 to make clear that court approval was not needed for putative class actions that resolved only individual claims, and there is uncertainty whether *Diaz* applies in light of the amendments, "district courts in the Ninth Circuit continue to

apply the standard articulated by the Ninth Circuit in *Diaz* because it strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals.").

And as to the FLSA, one court has noted:

> If FLSA claims are settled, the settlement must be approved by either the Secretary of Labor or a federal district court. *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (unpublished) (citing *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013)). In the absence of Supreme Court or Ninth Circuit guidance, district courts often assess whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). A dispute is "bona fide" if there are "legitimate questions" about the defendant's FLSA liability. *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). Courts often consider many of the same factors that guide preliminary certification of Rule 23 class actions. *See Maciel v. Bar 20 Dairy, LLC*, No. 17-00902, 2018 WL 5291969, at *4 (E.D. Cal. Oct. 23, 2018).

*Borelli v. Black Diamond Aggregates, Inc.*, No. 2:14-CV-02093-KJM-KJN, 2021 WL 2025402, at *3 (E.D. Cal. May 21, 2021)

Accordingly, IT IS ORDERED as follows:

1. In light of the parties' settlement in principle, the mid-discovery status conference set for November 13, 2023, at 11 a.m. is vacated. (ECF No. 19).

2. By no later than December 7, 2023, the parties shall file a document to facilitate the disposition of this case. If the parties believe that Court approval of their settlement is not required, they shall provide developed argument and specific legal citation to support their position.

3. Alternatively, if the parties are unable to finalize their settlement by December 7, 2023, they shall file a joint status report, setting forth the status of settlement efforts and how they intend to proceed in this case.

IT IS SO ORDERED.

Dated:  **November 7, 2023**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3