UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND WILLIAMS and ALAN MICHAEL LARRECOU, *individually and on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK CAMPUS, LLC, et al.,<br><br>Defendants. | Case No.   1:23-cv-00291-ADA-EPG<br><br>ORDER REGARDING JOINT STATUS REPORT<br><br>(ECF No. 20) |

On November 6, 2023, the parties filed a joint status report stating, "that they have reached a settlement in principle" and requesting a stay "to finalize the agreement." (ECF No. 20, p. 2). On November 7, 2023, the Court entered an order declining to stay the case, but it set a deadline of December 7, 2023, for the parties to file a document to facilitate the disposition of this case or a joint status report setting forth the status of settlement efforts and how they intended to proceed. (ECF No. 21). Additionally, the Court noted authority that indicated that Court approval may be required for the settlement of any class or collective claims. (*Id.* at 2-3). Accordingly, the Court directed the parties, if they believed that Court approval of their settlement was not required, to provide developed argument and specific legal citation to support their position.

This matter is now before the Court on the parties' joint status report filed on December 7, 2023, which states as follows:

> The Parties have agreed upon the principal terms of their settlement and are working on the settlement documentation. In response to the issues and questions raised in the Court's November 7 Order: *There are no Rule 23 class action claims*

1

> *pending in this case. The Parties will be filing a joint stipulation seeking approval from the Court with respect to the settlement of Plaintiffs' individual FLSA claims and individual PAGA claims.* The Parties anticipate being able to file such documents with the Court within the next two weeks.

(ECF No. 23, p. 2) (emphasis added).

In light of the parties' joint status report, the Court will set a new deadline for the parties to file a document to facilitate the disposition of this case.

However, while the parties indicate that only the individual claims are pending in this case, the second amended complaint repeatedly indicates that this is both a class and collective action, in fact it is titled, "Second Amended FLSA collection action/class action complaint." (ECF No. 12, p. 1) (capitalization omitted). The Court has located no filing suggesting that these claims have been properly dismissed such that only the individual claims are remaining, but it will give the parties the opportunity to address this issue.

Accordingly, IT IS ORDERED as follows:

1. By no later than January 8, 2023, the parties shall file a document to facilitate the disposition of this case. If the parties believe that Court approval of their settlement is not required, they shall provide developed argument and specific legal citation to support their position.
2. Likewise, if they believe that the class and collective claims are no longer pending, they shall explain to the Court how this is so, including citation to the record.
3. Failure to comply with this order may result in the disapproval of any dispositional document.

IT IS SO ORDERED.

Dated:   **December 11, 2023**              /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE