1
2
3
4
5
6
7
8
9
10
11
12
13
14                    **UNITED STATES DISTRICT COURT**
15                     **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMAND WILLIAMS and ALAN MICHAEL LARRECOU, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ARAMARK CAMPUS, LLC., a Delaware limited liability company; YOSEMITE HOSPITALITY, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. Case No.: 1:23-cv-00291-EPG<br><br>**ORDER APPROVING JOINT STIPULATION FOR COURT APPROVAL OF SETTLEMENT OF FLSA AND PAGA CLAIMS**<br><br>(ECF No. 27) |

1

1  Plaintiffs Armand Williams and Alan Larrecou ("Plaintiffs") and Defendants Aramark
2  Campus, LLC and Yosemite Hospitality LLC ("Defendants") (collectively the "Parties"), by and
3  through their respective counsel of record, hereby enter into the following stipulation and joint
4  request that the Court approve the settlement of Plaintiffs' individual Federal Labor Standards
5  Act ("FLSA") claims and individual California Private Attorneys General Act ("PAGA") claims
6  and dismiss the action with prejudice as to Plaintiffs' individual claims for the following reasons:
7  WHEREAS, on December 23, 2022, Plaintiffs filed a complaint against Defendants in the
8  Superior Court of California, Mariposa County, captioned, *Armand Williams, et al. v. Aramark*
9  *Campus, et al.* (the "Civil Action") alleging only California state law claims and specifically,
10  (1) Failure to Pay Minimum Wages (Labor Code §§ 204, 210, 216, 558, 1182.12, 1194, 1197,
11  1197.1, and 1198; Violation of the California Industrial Welfare Commission ("IWC") Wage
12  Orders 5-2001 and 7-2001); (2) Failure to Pay Overtime Owed (Labor Code §§ 510, 1194, 1197
13  and 1198; Violation of IWC Wage Orders 5-2001 and 7-2001); (3) Failure to Provide Lawful
14  Meal Periods (Labor Code §§ 218.6, 226.7, and 513; Violation of IWC Wage Orders; and Civil
15  Code section 3287); (4) Failure to Authorize and Permit Rest Periods (Labor Code §§ 218.6, and
16  226.7; Violation of IWC Wage Orders; and Civil Code 3287); (5) Failure to Timely Pay Wages
17  During Employment (Labor Code §§ 201.3, 204, 204(b), 204.1, 204.2, 204.11, 205, 205.5, 218.5,
18  218.6, 226.7, 510, 1194 and 1197.5); (6) Failure to Reimburse Necessary Expenses (Labor Code
19  § 2802); (7) Knowing and Intentional Failure to Comply with Itemized Wage Statement
20  Provisions (Labor Code §§ 226, 226(a), 1174, and 1175; and Violation of IWC Wage Orders);
21  and (8) Violation of the Unfair Competition Law (Business and Professions Code § 17200;
22  Violation of IWC Wage Orders; and California Code of Civil Procedure § 1021.5);
23  WHEREAS, on January 27, 2023, Plaintiff filed a First Amended Complaint ("FAC"),
24  adding Alan Michael Larrecou as an additional named plaintiff;
25  WHEREAS, on February 24, 2023, Defendants removed the Civil Action to the United
26  States District Court, Eastern District of California;
27  WHEREAS, on February 28, 2023, Plaintiffs filed a PAGA action against Defendants in
28  the Mariposa County Superior Court, captioned *Armand Williams, et al. v. Aramark Campus,*

1  *LLC, et al.* (the "PAGA Action");

2  WHEREAS, on March 17, 2023, Defendants filed a motion to dismiss all of the claims in
3  the FAC based upon the federal enclave doctrine;

4  WHEREAS, on March 31, 2023, Plaintiffs filed a Second Amended Complaint ("SAC")
5  in the United States District Court, Eastern District of California, alleging only federal claims
6  under the Fair Labor Standards Act ("FLSA") for Failure to Pay Minimum Wages [29 U.S.C.
7  section 201, et seq.] and Failure to Pay Overtime Wages [29 U.S.C. section 201, et seq.];

8  WHEREAS, on June 5, 2023, Plaintiffs voluntarily dismissed the PAGA Action without
9  prejudice;

10  WHEREAS, as described more fully below, the FLSA requires that the Court review and
11  approve the settlement of any FLSA claims;

12  WHEREAS, the PAGA, and specifically California Labor Code § 2699(l)(2), requires that
13  the Court review and approve the settlement of any claims filed pursuant to PAGA;

14  WHEREAS, because Plaintiffs filed their Civil Action pursuant to the FLSA and their
15  PAGA Action pursuant to PAGA, the Parties are jointly requesting that the Court review and
16  approve the settlement of their individual FLSA and PAGA claims; and

17  WHEREAS, the Parties stipulate and agree that this action should be dismissed in its
18  entirety and with prejudice.

19  **I.   COURT APPROVAL OF FLSA SETTLEMENTS IS REQUIRED.**

20  An employee's claim under the FLSA may not be settled without the supervision and
21  approval of either the Secretary of Labor or a United States District Court. *Seminiano v. Xyris*
22  *Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without
23  approval of either the Secretary of Labor or a district court.") (citations omitted); *Lynn's Food*
24  *Stores, Inc. v. United States, et al.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Zhou v. Wang's*
25  *Restaurant*, 2006 U.S. Dist LEXIS 84397, *3-4 (N.D. Cal. November 9, 2006); *Camilo v. Ozuna*,
26  No. 18-CV-02842-VKD, 2019 WL 2141970, at *6 (N.D. Cal. May 16, 2019); *Nen Thio v. Genji,*
27  *LLC*, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014). The proper procedure for obtaining Court

28

approval of the settlement of FLSA claims is for the parties to present to the Court a proposed settlement. *Zhou*, 2006 U.S. Dist. LEXIS 84397 at *4.

In reviewing the settlement agreement, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores*, 679 F.2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*.

## II. THE PROPOSED SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS IS A FAIR AND REASONABLE RESOLUTION OF A *BONA FIDE* DISPUTE REGARDING ALLEGED UNPAID WAGES.

Plaintiffs allege that they were required to work off-the-clock and, as a result, allege that they did not receive minimum wages and overtime under the FLSA for off-the-clock work. SAC ¶¶ 24, 29, 39, 44, 80. Plaintiffs also allege that they received non-discretionary incentive compensation that was not included in the regular rate of pay and, as a result, allege that they did not receive overtime under the FLSA. SAC ¶¶ 25, 36, 91.

Court approval of the Parties' settlement is proper because a *bona fide* dispute exists as to the liability for Plaintiffs' alleged unpaid minimum wages and overtime claims under the FLSA. Plaintiffs and Defendant have provided Initial Disclosures and Defendant has propounded written discovery. The Parties have exchanged documents and information to facilitate their settlement negotiations. The Parties agree that no records exist regarding any alleged off-the-clock work. Defendant contends that it did not require them to perform any work off-the-clock, as their jobs required them to be performed in-person at the worksite. In addition, Plaintiffs were paid only an hourly rate of pay and neither received non-discretionary incentive compensation that would need to be factored into the regular rate of pay. As a result, Defendant disputed that Plaintiffs were owed *any* alleged unpaid minimum wages or overtime under the FLSA.

"A bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Jennings v. Open Door Mktg.*, LLC, No. 15-CV-4080-KAW, 2018 WL 4773057, at *4 (N.D. Cal. Oct. 3, 2018). Given the Parties' *bona fide* dispute

1  regarding liability and absence of any records to support Plaintiff's claims for alleged unpaid
2  minimum wages and overtime under the FLSA, and after weighing the risks and costs of
3  continued litigation, the Parties reached a compromise to settle Plaintiffs' FLSA claims.
4  Plaintiffs' counsel believes this resolution represents a fair and reasonable compromise of their
5  claims.
6       The Parties executed a Settlement Agreement and General Release of all of Plaintiffs'
7  claims, including their FLSA, PAGA and other California law claims, as well as any other claims
8  Plaintiffs could potentially bring in connection with their employment with Defendant, for which
9  Defendant denies all liability. The Parties allocated the settlement payments as follows:
10 (a) payment to Plaintiffs in compromise of claims for alleged unpaid wages (under the FLSA),
11 (b) payment to Plaintiffs in compromise of claims for alleged non-wage damages, including
12 alleged penalties and statutory interest, and (c) payment to "James Hawkins APLC" in
13 compromise of claims for and relating to Plaintiffs' attorneys' fees and costs incurred in litigating
14 the claims contained in the Civil Action and the PAGA Action.  The amounts referenced in the
15 Settlement Agreement are a fair and reasonable compromise of the Parties' good faith and bona
16 fide dispute and include a payment in compromise for Plaintiff's FLSA claims as well as
17 Plaintiff's claims under California law, which are not subject to the Court's approval. As such,
18 because the settlement amounts provide for not just Plaintiffs' FLSA claims, but also his
19 California law claims, the Court can be confident that Plaintiff is not waiving any claims for
20 which there is no dispute. *Saleh v. Valbin Corp.*, No. 17-CV-00593-LHK, 2018 WL 6002320, at
21 *2 (N.D. Cal. Nov. 15, 2018).  True and correct copies of the Parties' settlement agreements are
22 attached hereto as **Exhibits 1 and 2**.
23 **III.    THE SETTLEMENT OF PLAINTIFFS' PAGA CLAIMS.**
24       California Labor Code § 2699(l)(2) states that the "court shall review and approve any
25 settlement of any civil action filed pursuant to [the PAGA]."  The Parties' settlement agreement
26 provides that no PAGA penalties are being paid to the California Labor and Workforce
27 Development Agency ("LWDA") as part of the Parties' settlement of this action and that
28 Plaintiffs' release of their PAGA claims against Defendants applies only to Plaintiffs themselves

1  and does not apply to other employees and does not bar other current or former employees from
2  prosecuting a PAGA action against Defendant.

3  **IV.    RESPONSE TO THE COURT'S RECENT ORDER**

4  In the Court's December 11, 2023, Order (Dkt. 24), the Court stated that if the parties
5  "believe that the class and collective claims are no longer pending, they shall explain to the Court
6  how this is so, including citation to the record." The Parties respond as follows:

7  As demonstrated with Defendants' motion to dismiss, Defendants have taken the position
8  that Plaintiffs cannot assert any California law claims based on the federal enclave doctrine. As a
9  result, when Plaintiffs filed the SAC, they alleged *only* federal law claims under the FLSA
10 (specifically, a claim for alleged unpaid minimum wages and a claim for unpaid overtime, both
11 under the FLSA). The FLSA provides the potential for a collective action. *See* 29 U.S.C.
12 § 216(b). The FLSA claims are not brought as a class claim under Rule 23, but rather a collective
13 action claim. The Ninth Circuit has made clear that a collective action under the FLSA is not the
14 same as a class action under Rule 23. *See Campbell v. City of L.A.*, 903 F.3d 1090, 1100 (9th Cir.
15 2018) ("Collective actions and class actions are creatures of distinct texts—collective actions of
16 section 216(b), and class actions of Rule 23 —that impose distinct requirements."). Plaintiffs'
17 *only* claims in the SAC are federal FLSA claims. *See* SAC ¶¶ 73 – 94. As a result, Plaintiffs do
18 not assert any class claims under Rule 23. The purported "Rule 23 California Class Allegations"
19 (SAC ¶¶ 73 – 94) may be stricken as they are not connected to the claims actually alleged.

20 With respect to Plaintiffs' alleged collective action claims, the Parties do not seek to settle
21 those claims, only the Plaintiffs' individual FLSA claims. As a result, the Court need not take any
22 action with respect to the alleged collective action claims and the allegations (to the extent they
23 seek to impact any individual other than Plaintiffs) may be stricken.

24 **V.     STIPULATION OF DISMISSAL WITH PREJUDICE**

25 Pursuant to F.R.C.P. 41(a)(1)(A)(ii), the Parties hereby stipulate to dismiss the individual
26 claims in this action with prejudice, provided that the Court approves of the settlement of
27 Plaintiffs' FLSA and PAGA claims.

28 / / /

**IT IS SO STIPULATED.**

Dated: January 22, 2024

By  */s/ Christina Lucio*
Christina Lucio

Attorney for Plaintiffs
ARMAND WILLIAMS and ALAN LARRECOU

Dated: January 22, 2024          MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Eric Meckley*
Eric Meckley

Attorneys for Defendants
ARAMARK CAMPUS, LLC, and YOSEMITE HOSPITALITY, LLC

# **ORDER**

Upon review of the parties' stipulated dismissal (ECF No. 27), the Court concludes that the compromise of Plaintiffs' claims for alleged overtime, liquidated damages, and attorneys' fees under the Fair Labor Standards Act ("FLSA") to be a fair and reasonable compromise of FLSA claims as to which there are good faith and bona fide disputes regarding liability, and thus the settlement of the FLSA claims is approved. Additionally, the Court approves the Plaintiffs' settlement of their claims under the California Private Attorneys General Act.

Accordingly, **IT IS ORDERED** that, pursuant to the parties' stipulation, this action is dismissed with prejudice, under Federal Rule of Civil Procedure, Rule 41(a)(1)(A)(ii). The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **January 29, 2024**                         /s/ Erica P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE